IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL GALLO, #B18014, | |
| Plaintiff, | Case No. 20-cv-00952-SPM |
| v. | |
| DENTIST MCBRIDE, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Carl Gallo, an inmate of the Illinois Department of Corrections who is currently incarcerated at Graham Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Gallo claims that while housed at Big Muddy Correctional Center he received delayed dental care. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Gallo alleges the following: Around August 24, 2017, Gallo began experiencing overwhelming pain in his left lower back teeth. (Doc. 1, p. 8). The pain was worse when he was eating and biting down on food. He submitted a request for a dental appointment that same day. In

the request slip, Gallo asked for the tooth causing the pain to be pulled or removed. After a week, he was not seen by a dentist. Gallo submitted another request for a dental appointment on September 2, 2017. He had an appointment with the dentist, Dr. McBride, on September 6, 2017.

At the appointment, Gallo told Dr. McBride he was experiencing a sharp pain and asked for the tooth to be pulled. Gallo also told McBride that the tooth had been previously filled as a teenager and again while incarcerated. Based on his last filling, Gallo told Dr. McBride that the filling is so large that there was not enough of the tooth or cavity left to remove in order to refill the tooth. (*Id.*). Dr. McBride told Gallo that he would not pull the tooth that day. (Doc. 1, p. 8). He said, "your teeth look good, maybe a small spot, its hard to tell, just take some ibuprofen you'll be okay." (*Id.* at p. 8-9). Dr. McBride removed a white mass from the back of Gallo's throat and prescribed him ibuprofen. Gallo was then sent back to his cell. (*Id.* at p. 9).

The ibuprofen did not ease Gallo's pain. (Doc. 1, p. 9). Gallo submitted request slips on November 18, 2017, February 10, 2018, and April 28, 2018. He was finally seen by Dr. McBride on May 1, 2018. Dr. McBride stated he saw "widening" on tooth #18 and prescribed more ibuprofen, an antibiotic, and a follow up appointment in two weeks. Gallo was not rescheduled for a follow up appointment in two weeks. (*Id.*).

Gallo's next appointment with Dr. McBride was on June 14, 2018. (Doc. 1, p. 10). Dr. McBride again would not remove the tooth. He noted a space widening on tooth #18, removed a white mass from Gallo's mouth, prescribed antibiotics, and pain pills. Dr. McBride again determined that Gallo should have a follow up appointment in two weeks. (*Id.*).

Gallo saw Dr. McBride on September 17, 2018. At this appointment, Dr. McBride pulled tooth #18. (Doc. 1, p. 10).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the

following count:

> **Count 1:** Eighth Amendment claims against Dr. McBride for deliberate indifference to Gallo's serious dental needs.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

At this stage, Gallo has sufficiently pled a deliberate indifference claim against Dr. McBride, who took inadequate steps to treat Gallo's dental condition despite repeated complaints of pain. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011).

## DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against McBride.

Because Gallo's claims involve his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for McBride the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Gallo, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant McBride is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Gallo and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Gallo is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 7, 2021**

                                                   *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.